**REPUBLIC ALUMINUM COMPANY**
**formerly Bauer Aluminum Co.,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

**No. 22716.**

United States Court of Appeals
Fifth Circuit.

March 1, 1967.

Rehearing Denied May 16, 1967.

Allen P. Schoolfield, Jr., Hugh M. Smith, Schoolfield & Smith, Dallas, Tex., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott C. Lichtman, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Glen M. Bendixsen, Atty., N. L. R. B., for respondent.

Before JONES and COLEMAN, Circuit Judges, and JOHNSON, District Judge.

JONES, Circuit Judge.

In 1960 Republic Aluminum Company, a manufacturer of aluminum building materials at Richardson, Texas, (then Bauer Aluminum Company) adopted a number of rules which were placed in various places about its plant. There was not then any union activity at the plant. One of the rules prohibited "Entering plant property enclosed by a fence without permission and not having cleared through the main office." A fence around Republic's parking lot was taken down and the words, "enclosed by fence," were deleted from the rule. A statement of the penalty for violation followed each rule. The penalty for violation of the quoted rule was three days suspension for the first offense and discharge for the second offense.

Early in January of 1964 the United Steelworkers of America, AFL–CIO, hereinafter called the Union, began an organization campaign at Republic's plant. On February 6, 1964, the Union sent Republic employee Charles A. Johnson to the parking lot of Republic, located between its plant and a street, for the purpose of distributing organizational handbills to employees coming off shift at 11:00 P.M. and soliciting signatures of such employees on Union authorization cards. Johnson did not procure permission nor did he clear through the main office. Before Johnson had embarked upon his mission he was confronted by Patrick H. Flores, Republic's production supervisor, who directed Johnson to leave the premises. Johnson complied. The next day Johnson was suspended for three days for violation of the rule.

On the night of February 13, 1964, the Union sent Johnson back to the parking lot for the distribution of Union literature and the solicitation of signatures on Union authorization cards. With him were employees Glen Swaner and Mernon Dollar. Johnson and Swaner went on the parking lot and commenced the distribution of the Union literature. Dollar remained off company property. Some of the employees set fire to the Union papers given them, and others placed the literature on the fire. A Republic guard told Johnson and Swaner that they shouldn't be on the parking lot. They left, but not until police had been summoned and appeared. For his second offense Johnson was discharged. Swaner was given a three day suspension.

The Union brought an unfair labor practice charge before the National Labor Relations Board against Republic, asserting that the discharge of Johnson and the suspension of Swaner were in violation of Section 8(a) (1), (3), of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The trial examiner held that the Act had been violated. The Board, with one member dissenting, sustained the examiner, ordered that Johnson be reinstated with back pay, that Swaner be made whole for any loss resulting from his suspension, and that a notice be published. 152 N.L.R.B. 1360. Before the Court is Republic's petition to set aside the Board's order and the Board's cross-application for enforcement.

There is no substantial difference between the parties as to the evidentiary facts. It is conceded that the company rule is valid. The issue before us is whether the company had the right to enforce, against Johnson and Swaner, the rule against coming on the property without permission [1] when their purpose was to distribute Union literature and solicit Union authorizations.

It was the conclusion of the examiner, with which the Board agreed, that the rule, as applied, was unlawful because

---

1. The Board found, and the Court agrees, that it is immaterial whether or not the company would have granted permission to Johnson and Swaner to enter its premises if such a request had been made. See *in passim* Gem International, Inc. v. N.L.R.B., 8th Cir. 1963, 321 F.2d 626.

it prevented off duty employees from engaging in Union activities during non-work time and in nonwork areas without first securing the employer's permission. The examiner determined, and the Board agreed, that the discharge of Johnson and the suspension of Swaner were in violation of Section 8(a) (3) and (1), since the employer had made no showing that the rule was necessary to maintain production and discipline. These conclusions had their origin, it seems, in the *Peyton Packing Co.* case [2] where it was said that it is not with in the province of the employer to promulgate and enforce a rule prohibiting Union solicitation by an employee outside of working hours, although on company property in the absence of evidence that special circumstances make the rule necessary in order to maintain production or discipline. The Supreme Court has said that it perceives no error in the Board's adoption of this presumption.[3] This Court has had several occasions to apply the stated rule.[4] Principles applicable to the rights of nonemployee union organizers are not pertinent here.[5] The company urged, plausibly but unsuccessfully, that the building of the fires with union literature and the possibility of the theft of cars or property left in them were facts requiring a finding of special circumstances. We do not decide this question.

Subsequent to Republic Aviation [6] the Supreme Court had before it a case where an employer had enforced a no-solicitation rule against an employee engaged in an organizational effort, but there was no evidence that there was not an effective alternative means for bringing the union message to the employees. In affirming this Court,[7] the Supreme Court upheld the enforcement of a rule where its validity was not contested and it was not shown that the no-solicitation rule [8] truly diminished the ability of a labor organization to carry its message to employees. In the Supreme Court's opinion it was said:

"If, by virtue of the location of the plant and of the facilities and resources available to the union, the opportunities for effectively reaching the employees with a pro-union message, in spite of a no-solicitation rule, are at least as great as the employer's ability to promote the legally authorized expression of his anti-union views, there is no basis for invalidating these 'otherwise valid' rules. The Board, in determining whether or not the enforcement of such a rule in the circumstances of an individual case is an unfair labor practice, may find relevant alternative channels available for communications on the right to organize. When this important issue is not even raised before the Board and no evi-

2. In the matter of Peyton Packing Co., Inc., 49 N.L.R.B. 843, enforced N.L.R.B. v. Peyton Packing Co., Inc., 5th Cir. 1944, 142 F.2d 1009, cert. den. 323 U.S. 730, 65 S.Ct. 66, 89 L.Ed. 585.

3. Republic Aviation Corporation v. N.L. R.B., 324 U.S. 793, 65 S.Ct. 982, 89 L. Ed. 1372, 157 A.L.R. 1081.

4. See Brewton Fashions, Inc. v. N.L.R.B., 5th Cir. 1966, 361 F.2d 8, cert. den. 385 U.S. 842, 87 S.Ct. 95, 17 L.Ed.2d 75; N.L.R.B. v. Mira-Pak, Inc., 5th Cir. 1965, 354 F.2d 525; N.L.R.B. v. Southwire Company, 5th Cir. 1965, 352 F.2d 346; N.L.R.B. v. Plant City Steel Corporation, 5th Cir. 1964, 331 F.2d 511; N.L.

R.B. v. Linda Jo Shoe Company, 5th Cir. 1962, 307 F.2d 355; N.L.R.B. v. Walton Manufacturing Company, 5th Cir. 1961, 289 F.2d 177.

5. Cf. N.L.R.B. v. Babcock & Wilcox Company, 351 U.S. 105, 76 S.Ct. 679, 100 L.Ed. 975; N.L.R.B. v. Great Atlantic & Pacific Tea Co., 5th Cir. 1960, 277 F.2d 759.

6. Supra n. 3.

7. N.L.R.B. v. Avondale Mills, 5th Cir. 1957, 242 F.2d 669.

8. A no-trespass rule would be governed by the same principles where the trespass was for the purpose of soliciting and distribution of literature.

dence bearing on it adduced, the concrete basis for appraising the significance of the employer's conduct is wanting." N. L. R. B. v. United Steelworkers of America CIO, 357 U.S. 357, 78 S.Ct. 1268, 2 L.Ed.2d 1383.

 The burden of showing the absence of an alternative means of communication is on General Counsel.[9] In this case General Counsel not only failed to establish the absence of an alternative means but the evidence adduced by him established the fact that an alternative means was available. Employee Dollar, who went to the company's premises with Johnson and Swaner was called as a witness by General Counsel. He testified that he took part in "hand-billing the company's plant" and was standing "on the street by the exit that goes into the Anodize Plant." The Third Circuit, in a factual situation similar to that before us, refused to enforce the Board's order.[10] The same result has been reached in the Sixth Circuit.[11] The Second Circuit has taken a different view, holding that the Peyton [12] presumption is independent of the existence of alternative means of communication, and citing only a dissent in the *Steelworkers* case.[13] We think the *Armco, Rockwell* and *May* cases more correctly apply the Steelworkers principle than does United Aircraft.

We conclude that the Board's decision that Republic Aluminum had violated the Act is incorrect. Enforcement of the order is denied and the order is vacated and set aside.

Enforcement denied.

Order vacated.

9. N.L.R.B. v. Reynolds & Manley Lumber Co., 5th Cir. 1954, 212 F.2d 155.

10. N.L.R.B. v. Rockwell Manufacturing Company, 3rd Cir. 1959, 271 F.2d 109.

11. Armco Steel Corporation v. N.L.R.B., 6th Cir. 1965, 344 F.2d 621; May Department Stores Company v. N.L.R.B., 6th Cir. 1963, 316 F.2d 797.

12. Supra n. 2.

13. N.L.R.B. v. United Aircraft Corporation, 2nd Cir. 1963, 324 F.2d 128, cert. den. 376 U.S. 951, 84 S.Ct. 969, 11 L.Ed.2d 971.