**UNITED STEELWORKERS OF AMERICA, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**
**Luxaire, Inc., Intervenor.**

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LUXAIRE, INC., Respondent,**
**United Steelworkers of America, AFL–CIO, Intervenor.**

Nos. 21043, 21338.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 5, 1968.

Decided March 19, 1968.

Mr. Melvin S. Schwarzwald, Cleveland, Ohio, with whom Messrs. Joseph E. Finley, Cleveland, Ohio, and Michael H. Gottesman, Washington, D. C., were on the brief, for petitioner in No. 21,043 and intervenor in No. 21,338. Mr. Elliot Bredhoff, Washington, D. C., also entered an appearance for petitioner in No. 21,043.

Mr. Gary Green, Attorney, National Labor Relations Board, with whom

Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, and Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, were on the brief, for respondent in No. 21,043 and petitioner in No. 21,338.

Mr. Stanley R. Strauss, Washington, D. C., with whom Mr. Kenneth C. McGuiness, Washington, D. C., was on the brief, for intervenor in No. 21,043 and respondent in No. 21,338.

Before WRIGHT, McGOWAN and TAMM, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

These cases are before this court upon petition of the United Steelworkers of America, AFL–CIO, to review portions of an order of the Board issued against Luxaire, Inc. pursuant to Section 10(c) [1] of the National Labor Relations Act, and upon petition of the Board for enforcement of its order. The Board found that the company violated Section 8(a)(1) [2] of the Act by maintaining discriminatory no-solicitation rules, by threatening employees with reprisals in the event of their participation in a lawful strike, and by making unilateral changes in wages and working conditions. The last-mentioned fact, as well as an explicit refusal to enter into discussions with the union, were found by the Board to be violations of Section 8(a) (5).[3]

I

The record shows that the union won a representative election conducted at the company's plant in Elyria, Ohio, on June 4, 1965. The company filed objections to the election based on an alleged misrepresentation in a union campaign letter. After appropriate procedures, the Board overruled the company's objections and directed the issuance of a certification of the union as the bargaining agent for the company's production and maintenance employees and truck drivers.

1. 29 U.S.C. § 160(c) (1964 ed.).

2. 29 U.S.C. § 158(a) (1) (1964 ed.).

3. 29 U.S.C. § 158(a) (5) (1964 ed.).

The company refused to honor the union's certification, refused to bargain with the union, and instituted several unilateral changes in employee working conditions. Prior to certification the company issued rules generally prohibiting solicitation on company premises and, after certification, posted a notice prohibiting "[f]urther solicitation of union membership, dues or funds during working time * * *." At the same time it notified its employees by letter of its intention of refusing to bargain with the union.

In addition, after the union declared its intention to strike, company supervisors began to discuss with employees the consequences of the threatened strike. The company instructed its foremen to hold meetings with the employees, at which meetings announcement of increased benefits to employees was made. Reference was also made to possible loss of benefits from the scheduled strike, including threats of discharge.

## II

■■ The Board's finding that the company's no-solicitation rules unlawfully infringed upon employees' rights is obviously correct. Republic Aviation Corp. v. N. L. R. B., 324 U.S. 793, 803–805, 65 S.Ct. 982, 89 L.Ed. 1372 (1945). As to the notice, it is of course within the province of the employer to prohibit union solicitation on company premises during working hours provided the prohibition is premised upon the legitimate employer interest in maintaining production and discipline. But when it is demonstrated that the prohibition was adopted for the purpose of discouraging union activity, the Board is warranted in finding it an illegal interference with employee rights. N. L. R. B. v. Electro Plastic Fabrics, Inc., 4 Cir., 381 F.2d 374, 376 (1967); Revere Camera Company v. N. L. R. B., 7 Cir., 304 F.2d 162, 165 (1962). The Board's finding that the no-solicitation rule was motivated by anti-union bias, as shown by our recitation of the evidence in these cases, is fully supported by the record.

■■ The company's defense that its no-solicitation rules did not interfere with the ability of the union to communicate with employees is to no avail. In determining the validity of a no-solicitation rule, the availability of other avenues of communication is generally irrelevant. N. L. R. B. v. United Aircraft Corp., Pratt & Whitney Aircraft Div., 2 Cir., 324 F.2d 128, 131 (1963), cert. denied, 376 U.S. 951, 84 S.Ct. 969, 11 L.Ed.2d 971 (1964). While in some circumstances non-employee union organizers may be denied entry to company premises when other avenues of communication with employees are available, "[n]o restriction may be placed on the employees' right to discuss self-organization among themselves, unless the employer can demonstrate that a restriction is necessary to maintain production or discipline." N. L. R. B. v. Babcock & Wilcox Co., 351 U.S. 105, 113, 76 S.Ct. 679, 685, 100 L.Ed. 975 (1956).

## III

It is equally clear that the Board was correct in finding that company threats of reprisal against strikers violated Section 8(a) (1). The company does not contest this finding. It does not agree that the credibility issues were properly resolved or that the Board properly interpreted the credited evidence. But, as the company concedes, the task of judging credibility and interpreting evidence is for the Board. Amalgamated Clothing Workers of America, etc. v. N. L. R. B., 124 U.S.App.D.C. 365, 377, 365 F.2d 898, 910 (1966).

■ The union's suggestion that the Board should have gone further and found a violation of Section 8(a) (1) because company supervisors threatened possible loss of holiday pay and insurance to strikers need not detain us. The Board found the company guilty of violating Section 8(a) (1) and issued a remedial order enjoining the company from "[t]hreatening employees with reprisals in the event of their exercise of their right to strike or engage in other lawful concerted activities under the Act." This

order broadly covers reprisal activity by the company against strikers. Consequently further findings of threats of reprisal would have merely been cumulative. N. L. R. B. v. Newport News Shipbuilding & Dry Dock Co., 308 U.S. 241, 247, 60 S.Ct. 203, 84 L.Ed. 219 (1939). As to the other union claim of a Section 8(a)(1) violation predicated on the so-called Huddleston-Alexander incident, the Board's action rests on a credibility resolution which we do not disturb.

The Board also properly concluded that the company violated Section 8(a)(5) by refusing to bargain with the union. Since the company has admittedly refused to bargain with the union in order to test the validity of the election, the only question we must decide here is whether the Board abused its discretion in resolving problems arising during the election.

■ The company's objection to the election is based on a single sentence in a union letter sent to employees shortly before the election. The sentence indicated that the base rates of pay at the company's Medina plant were higher than the rates at Elyria. In exercising its discretion in the area of misrepresentations during election campaigns, the Board uses three criteria: (1) Is the misrepresentation of a material fact? (2) Did the misrepresentation come from a party who has special knowledge of the true fact? And (3) did the opposing party have sufficient opportunity to correct the misrepresentation? Other courts have approved these criteria. N. L. R. B. v. Allen Manufacturing Co., 6 Cir., 364 F.2d 814, 816 (1966); Anchor Manufacturing Co. v. N. L. R. B., 5 Cir., 300 F.2d 301, 303 (1962). We too find their use unobjectionable and within the competence of the Board.

■ Applying these criteria, the Board first suggested that the union letter was substantially true. It then found that, "assuming *arguendo* that it constituted a misrepresentation in any sense of the word," it was not "the kind of misrepresentation which the Board has condemned." However viewed, the alleged misrepresentation introduced no new issue in the campaign. The company's previous references during the campaign to wages, when taken with the union letter, were sufficiently explicit to give the electorate a fair opportunity to appraise the wage issue and to vote their preference concerning representation. Moreover, as the Board indicated, since the alleged misrepresentation concerned rates of pay at two of the company's plants, special knowledge of the true facts was more in the possession of the company than the union.

V

■ The union's claim that the Board erred in refusing to allow it to expand the scope of the litigation over the objection of the General Counsel is without merit. We see no reason now to retreat from what we said in International Union of Electrical, Radio & Machine Workers v. N. L. R. B. (NECO), 110 U.S.App.D.C. 91, 96, 289 F.2d 757, 762 (1960): "[T]he Board cannot entertain an amendment to the complaint which the general counsel opposes." Nothing has occurred since that case to change our view. Other Circuits [4] have explicitly embraced the *NECO* ruling. No case has held to the contrary, and the union's strained efforts to use International Union, United Automobile, etc., Workers of America, AFL–CIO, Local 283 v. Scofield, 382 U.S. 205, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965), to indicate a trend away from *NECO* are unpersuasive.

4. Frito Company, Western Division v. N.L.R.B., 9 Cir., 330 F.2d 458, 464 (1964); Wellington Mill Division, West Point Mfg. Co. v. N.L.R.B., 4 Cir., 330 F.2d 579, 590, *cert. denied*, 379 U.S. 882, 85 S.Ct. 144, 13 L.Ed.2d 88 (1964);

Piasecki Aircraft Corporation v. N.L.R.B., 3 Cir., 280 F.2d 575, 588 (1960), *cert. denied*, 364 U.S. 933, 81 S.Ct. 380, 5 L.Ed.2d 365 (1961); N.L.R.B. v. Bar-Brook Manufacturing Co., 5 Cir., 220 F.2d 832, 834 (1955).

For the reasons stated, we deny the union's petition for review in No. 21,043 and grant enforcement of the Board's order in No. 21,338.

So ordered.