**RIDGEWOOD MANAGEMENT COMPANY, Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**RIDGEWOOD MANAGEMENT COMPANY, Inc., Respondent.**

**No. 26151.**

United States Court of Appeals
Fifth Circuit.

March 21, 1969.

Rehearing Denied and Rehearing En Banc Denied May 13, 1969.

John H. Benckenstein, Lipscomb Norvell, Jr., of Benckenstein & Norvell, Beaumont, Tex., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Herbert Fishgold, Leonard M. Wagman, Attys., N. L. R. B., Washington, D. C., for respondent.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District Judge.

AINSWORTH, Circuit Judge:

This action is before the Court upon the petition of Ridgewood Management Company, Inc. (Employer) to review and modify an order of the National Labor Relations Board. The Board has cross-petitioned for enforcement. After a thorough consideration of the Employer's contentions, we hold that there is substantial evidence to support the Board's findings and conclusions.

The Hotel, Motel, Restaurant and Club Employees Union, Local 750 (Union), began a campaign to organize Petitioner's employees in February 1967. On March 14, 1967, Clay Kinnaird, president and general manager of Ridgewood, became aware of rumors of union activity and held a meeting which was attended by some ten or eleven dining-room employees. According to the testimony of employees Barber, Day, Shafer and Olsen, which was credited by the Trial Examiner and the Board, Kinnaird questioned the employees collectively and individually about their union activities, including the signing of authorization cards and the payment of initiation fees.

Although two employees had joined the Union, all of the employees denied having engaged in union activity. In addition, Kinnaird deprecated persons who belong to unions, and added that the employees would be required to remain in the room until he "got to the bottom" of the Union problem.

Employer interrogation of employees is not illegal per se, and such interrogation is proscribed by Section 8 (a) (1) of the National Labor Relations Act "Only when the interrogation tends to restrain, coerce or interfere with employees in the exercise of their rights under the Act * * *." N. L. R. B. v. Sunnyland Packing Company, 5 Cir., 1966, 369 F.2d 787, 793. See also N. L. R. B. v. Neuhoff Bros., Packers, Inc., 5 Cir, 1967, 375 F.2d 372, 377. See generally Note, Labor-Law—Employer Interrogation, 29 La.L.Rev. 154 (1968). However, interrogation by an employer may be a very subtle weapon for interfering with employee rights, and hence, in assessing the impact of the interrogation, courts must examine, inter alia, the identity of the questioner, the background of the employer's attitude toward the Union, the method of interrogation, and whether or not intimidation was evidenced by untruthful employee answers. N. L. R. B. v. Camco, Incorporated, 5 Cir., 1965, 340 F.2d 803, 804; N. L. R. B. v. Milco, Inc., 2 Cir., 1968, 388 F.2d 133, 137. Applying these criteria to the facts of this case, and considering that credibility choices are within the province of the Board, see, e. g., Independent, Inc. v. N. L. R. B., 5 Cir., 1969, 406 F.2d 203, 205, the Board's cease and desist order is supported by substantial evidence. See also N. L. R. B. v. Great Atlantic & Pacific Tea Company, 5 Cir., 1965, 346 F.2d 936, 938. Having reached this conclusion, it is unnecessary that we pass on the question of whether the Employer failed specifically to challenge the Trial Examiner's findings and conclusions before the Board so as to preclude the Employer from raising the interrogation issue here. 29 U.S.C. § 160(e). See, e. g., N. L. R. B. v. Lone Star Textiles, Inc., Guadalupe Val. Cotton M.D., 5 Cir., 1967, 386 F.2d 535, 537.

Finally, the Board found that the Employer had violated Section 8(a) (1) by posting a no-solicitation notice which barred solicitation of Union memberships during working hours. A no-solicitation rule which is operative only during working hours is valid if it is premised upon the necessity to maintain discipline and production, and if the prohibition is not adopted for a discriminatory purpose. N. L. R. B. v. Hill & Hill Truck Line, Inc., 5 Cir., 1959, 266 F.2d 883, 886; United Steelworkers of America v. N. L. R. B., 1968, 129 U.S.App.D.C. 260, 393 F.2d 661, 663; Serv-Air, Inc. v. N. L. R. B., 10 Cir., 1968, 395 F.2d 557, 560. In the present case, the Board found that various types of solicitations, ranging from candy sales to church donations, had been permitted in the public areas of the Employer's premises. Furthermore, and most significantly, the Employer permitted its Resident Manager and a labor relations consultant to interview employees on the premises during working hours in order to persuade them not to unionize. Under these circumstances, the Board's conclusion that the Employer's no-solicitation rule was discriminatory and in violation of Section 8(a) (1) clearly is supported by substantial evidence. United Steelworkers of America v. N. L. R. B., supra; N. L. R. B. v. Electro Plastic Fabrics, Inc. 4 Cir., 1967, 381 F.2d 374, 376. Cf. Serv-Air, Inc. v. N. L. R. B., supra. The fact that there was no showing that the no-solicitation rule actually interfered with the Union's ability to communicate with the employees does not obviate this conclusion. See, e. g., United Steelworkers of America v. N. L. R. B., supra.

Enforced.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge

in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is denied.