INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT NO. 9, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 19322.

United States Court of Appeals Eighth Circuit.

Sept. 15, 1969.

Rehearing Denied Oct. 13, 1969.

---

Robert H. Kubie, of Bartley, Siegel & Bartley, Clayton, Mo., for petitioner.

Nancy M. Sherman, Attorney, N.L.R.B., Washington, D. C., for respondent; Arnold Ordman, General Counsel, N.L.R.B., Dominick L. Manoli, Associate General Counsel, N.L.R.B., Marcel Mallett-Prevost, Asst. General Counsel, N.L.R.B., on the brief.

Before BLACKMUN, MEHAFFY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The International Association of Machinists and Aerospace Workers, District No. 9, petitions for review of an order of the National Labor Relations Board, and the Board cross-petitions for enforcement of its order. The question raised is whether the Union violated Section 8(b) (1) (A) of the National Labor Relations Act [1] by maintaining the following article in its collective bargaining agreement with McDonnell Douglas Corporation:

"Article XV—Bulletin Boards

"Section 1.

"The Union shall have the right to use designated bulletin boards on the Company property for the purpose of posting notices of Union meetings and other activities which are officially approved by District 9 and the Management prior to posting. The Company will act promptly on such notices sent to the Labor Relations Department by District 9.

"Section 2.

"No other notices or distribution of pamphlets, advertising matter or any kind of literature will be permitted in the plant or on the employer's property. Violators of this rule shall be subject to immediate disciplinary action up to and including discharge."

The original complaints were filed against the Company as well as against the Union, but at the hearing before the Trial Examiner, a settlement,[2] entered into by the Company and the several charging parties,[3] was accepted by the Trial Examiner. No oral testimony was proffered by any party and only the collective bargaining agreement itself was accepted into evidence. The Trial Examiner found that the Union had violated Section 8(b) (1) (A) of the Act by maintaining the Article in its collective bargaining agreement. The Board, following its own precedent established in Gale Products, Div. of Outboard Marine Corp., 142 NLRB No.

---

1. "(b) It shall be an unfair labor practice for a labor organization or its agents—
"(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title: *Provided,* That this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein; * * *"
(Emphasis included.)
29 U.S.C. § 158(b) (1) (A) (1964).

2. According to the terms of the settlement, the Company agreed to cease and desist from enforcing Article XV of the collective bargaining agreement and to post notices to that effect.

3. The charging parties were employees of McDonnell Douglas Corporation.

136, 53 LRRM 1242 (1963), affirmed.[4] The Board's order is reported at 171 NLRB No. 35, 68 LRRM 1051 (1968).

The Courts of Appeal that have passed upon the validity of similar clauses in collective bargaining agreements have reached conflicting results.[5] The Sixth Circuit [General Motors Corporation v. N.L.R.B., 345 F.2d 516 (6th Cir. 1965); Armco Steel Corporation v. N.L.R.B., 344 F.2d 621 (6th Cir. 1965)] and the Seventh Circuit [N.L.R.B. v. Gale Products, Division of Outboard Marine Corp., 337 F.2d 390 (7th Cir. 1964)] have held such clauses valid on the theory that unions can properly waive the employees' rights guaranteed under Section 7 of the Act.[6]

The Fifth Circuit, on the other hand, recently held that the right to distribute literature is a personal right which cannot be waived by a union. N.L.R.B. v. Mid-States Metal Products, Inc., 403 F.2d 702 (5th Cir. 1968). Accordingly, the Court held a collective bargaining agreement, which prohibited distribution of literature, to be invalid as violative of Section 8(b) (1) (A) of the Act.

We are inclined in this case to follow the Fifth Circuit and to hold that the Union cannot totally waive the employees' rights to distribute literature in nonwork areas of the Company during nonwork time.

We recognize, as do the Sixth and Seventh Circuits, the desirability of promoting stability in collective bargaining relationships, but we believe that Article XV, Section 2, goes beyond that objective by prohibiting employees from exercising their right to attempt to change or support their current bargaining agent through the distribution of literature in nonwork areas during nonwork time. We believe such a prohibition to be contrary to the letter and spirit of the Act. Article XV, Section 1, imposes no material restriction on such right and is not violative of the Act.

We purposely refrain from expressing an opinion with respect to the validity of a limited no-distribution clause which would permit employees to distribute literature during those periods in which

4. The Board found the language of Article XV to be broad enough to prohibit the solicitation of authorization cards. Although we also find such a prohibitive result, we interpret Article XV to prohibit only distribution of literature (including the authorization cards) and not to prohibit oral solicitation.

5. We do not discuss the case law relating to a unilateral company rule which prohibits the distribution of literature by employees. The Courts of Appeal are in general agreement that a company rule which prohibits distribution of literature in nonworking areas of the company during nonwork time is presumptively invalid in the absence of special circumstances which make the rule necessary in order to maintain production or discipline. N. L. R. B. v. General Industries Electronics Company, 401 F.2d 297 (8th Cir. 1968); Republic Aluminum Company v. N. L. R. B., 374 F.2d 183 (5th Cir. 1967), vacated on rehearing en banc, 394 F.2d 405 (1968); Korn Industries, Inc. v. N. L. R. B., 389 F.2d

117 (4th Cir. 1967); N. L. R. B. v. Ertel Manufacturing Corporation, 352 F.2d 916 (7th Cir. 1965); N. L. R. B. v. United Aircraft Corp., Pratt & Whitney Air. Div., 324 F.2d 128 (2d Cir. 1963); N. L. R. B. v. Rockwell Manufacturing Co. (DuBois Div.), 271 F.2d 109 (3d Cir. 1959).

6. In United Steelworkers of America, AFL–CIO v. N. L. R. B., 126 U.S.App. D.C. 255, 377 F.2d 140 (1966), the Court of Appeals for the District of Columbia enforced a Board order holding a collective bargaining article valid. The same article of the same contract had been held valid previously by the Sixth Circuit in Armco Steel Corporation v. N. L. R. B., 344 F.2d 621 (6th Cir. 1965). The Court of Appeals for the District of Columbia, therefore, did not actually decide United Steelworkers on its merits, but rather the Court decided it could not hold the Board in error when it followed a decision of the Circuit in which the relevant affairs occurred.

a collective bargaining agent can be changed.[7]

The Board's order is, therefore, enforced insofar as it requires the Union to cease and desist from maintaining or giving effect to Article XV, Section 2, of the collective bargaining agreement, and to take the affirmative actions ordered by the Board, provided that paragraph three of the Notice to be posted by the Union shall be amended to read as follows:

"We will not maintain, give effect to, or enforce the provisions of the collective bargaining agreement which prohibit any employee of McDonnell Douglas Corporation from distributing literature on behalf of any labor organization or in opposition to any labor organization where, in either case, the activity occurs in nonworking areas during nonworking time."

7. See, e. g., General Cable Corp., 139 NLRB No. 111, 51 LRRM 1444 (1962); Leonard Wholesale Meats, 136 NLRB No. 103, 49 LRRM 1901 (1962); Deluxe Metal Furniture Co., 121 NLRB No. 135, 42 LRRM 1470 (1958).