The MAGNAVOX COMPANY OF TENNESSEE, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO AND ITS LOCAL 796, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Nos. 72–1121, 72–1201.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 16, 1972.

Decided March 8, 1973.

George K. McPherson, Jr., Atlanta, Ga., for The Magnavox Co. of Tennessee; Ronald H. Janetzke, Kettering, Ohio, for International Union of Electrical, Radio and Machine Workers, AFL–CIO–CLC and Its Local 796, Petitioners; James Allan Smith, Smith, Currie & Hancock, Atlanta, Ga., on brief, for The Magnavox Co. of Tennessee.

Walter Phillips, Director Region 10, N.L.R.B., Atlanta, Ga., Abigail Cooley Baskir, National Labor Relations Board, for respondent-appellee; Peter G. Nash, Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, on brief.

Before EDWARDS and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

We consider petitions to review and a cross-application for enforcement of an order of the National Labor Relations Board. The Decision and Order of the Board is reported at 195 N.L.R.B. No. 40. The petitions have been consolidated for hearing and disposition.

The complaint charged that the company violated Section 8(a)(1) of the Act, 29 U.S.C. § 158(a)(1), by prohibiting its employees from distributing literature on behalf of the Union during the employees' non-working time in non-working areas of the company's premises. The Board found that for many years the company has maintained a rule prohibiting the distribution of literature on its parking lots and on other

company property. Although the Board determined that such a rule is presumptively invalid under the standards in Stoddard Quirk Manufacturing Company, 138 N.L.R.B. 651, it observed that the company had interposed as a defense to the complaint the contention that the Union had contractually waived any objection it might have to the no-distribution rule.

It then determined that the Union could not contractually agree to the prohibitions of the no-distribution rule to restrict the dissemination of literature in opposition to any labor organization or on behalf of any labor organization. In this respect, it amended its *Gale Products* rule[1] and followed the decision of the Eighth Circuit in Int. Ass'n of Mach. & Wkrs. Dist. No. 9 v. N. L. R. B., 415 F.2d 113 (1969). It elected not to follow the rule in our circuit enunciated in Armco Steel Corporation v. N. L. R. B., 344 F.2d 621 (1965), and in General Motors Corporation v. N. L. R. B., 345 F.2d 516 (1965). The Board's order required the company to cease and desist from maintaining or enforcing any rule which prohibits distribution in non-working areas on non-working time on behalf of any labor organization relating to the selection or rejection of a labor organization as the exclusive bargaining agent of the employees in a unit appropriate for collective bargaining, or other matters related to the exercise of Section 7 rights. It also required posting of appropriate notices.

We determine that substantial evidence on the record as a whole supports the Board's factual findings. However, on a less restricted review we might have found that the contract provision[2] permitting the company to issue rules and regulations did not waive the right to distribute literature even in the context of a preexisting no-distribution rule.[3] Waiver of a right of such importance should be the subject of an express provision.

However, we are not persuaded that our ruling in *Armco Steel* should be overturned at this time, and we adhere to the position that the bargaining representative has authority to waive on-premises distribution rights of the employees at least in the absence of special circumstances not present here. The petition of Magnavox to review is granted and the order will be set aside and enforcement will be denied.

Enforcement denied, review granted.

---

1. In Gale Products Div. of Outboard Marine Corp., 142 N.L.R.B. 1246, enforcement denied 337 F.2d 390 (7th Cir. 1964), the Board held that although certain statutory rights may be waived by a labor organization on behalf of employees whom it represents, an unlimited contractual probition against union solicitation and distribution would unduly hamper the employees in exercising their basic rights under the Act to select or reject a bargaining agent. Accordingly, it determined that a bargaining representative could waive solicitation on its own behalf but could not waive the right of employees to solicit on behalf of a labor organization other than the contracting one. Following *Gale* in another case, the Board said,

"neither an employer nor an incumbent union is entitled to attempt to freeze out another union by waiving the employees' right to urge a change in their collective-bargaining representative." General Motors Corporation, 158 N.L.R.B. 1723, 1726 (1965).

2. "The Company will from time to time issue Rules and Regulations for the maintenance of orderly conditions on plant property. These rules will not be unfair or of a discriminatory nature. . . ."

3. "You are asked to refrain from distributing notices or handbills in the parking lots or on other Company property."